IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RALPH WILSON LINGO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO. 1:06-CV-453-MEF |
| | ) [WO] |
| | ) |
| TONY R. LUKER, et al., | ) |
| | ) |
| Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

In this 42 U.S.C. § 1983 action, Ralph Wilson Lingo ["Lingo"], an inmate presently confined at the Montgomery City Jail, challenges actions taken against him on May 7, 2003. Luker lists Tony R. Luker, an officer with the Dothan Police Department, an unnamed Dothan police officer responsible for transporting him to the Dothan City Jail on May 7, 2003 and the towing company utilized to tow his vehicle on this date as defendants in this cause of action.

Upon review of the complaint, the court concludes that dismissal of this case prior to service of process is proper under 28 U.S.C. § 1915(e)(2)(B)(i).[1]

---

[1] 1. A prisoner who is allowed to proceed *in forma pauperis* in this court will have his complaint screened in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B). This screening procedure requires the court to dismiss a prisoner's civil action prior to service of process if it determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary damages from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## DISCUSSION

### A. *Claims for Relief*

Lingo complains that Luker subjected him to an unlawful arrest and theft of property on May 7, 2003. *Plaintiff's Complaint* at 3. Specifically, Lingo asserts that he "was arrested without a warrant" and not "taken before a judge in the county" of his arrest or the county of the officer's jurisdiction. *Id*. He also contends that Luker improperly impounded his vehicle and removed it "from Henry County to Houston County" which constituted "grand theft auto . . ." *Id*. Finally, Lingo complains that Luker conducted an illegal search of his premises and vehicle on April 14, 2003 which "led to the illegal confiscation of said vehicle on 5/7/03." *Id*. at 6.[2]

### B. *Claims Barred by the Statute of Limitations*

Lingo maintains that defendant Luker arrested him without a warrant and illegally confiscated his vehicle on May 7, 2003. Lingo also complains that another police officer improperly transported him to the Dothan City Jail and a towing company illegally transported his vehicle from Henry County to Houston County. It is clear from the face of the complaint that Lingo's claims with respect to actions which occurred in May of 2003 are barred by the applicable statute of limitations.

---

[2] 2. The court takes judicial notice of its records and the evidentiary materials filed in *Lingo v. Luker*, Case No. 1:04-CV-1188-WKW, which demonstrate that Judge Jerry M. White issued a search warrant for Lingo's premises and vehicle to defendant Luker on April 14, 2003.

> Federal courts must look to state law to determine, first, what statute of limitations is applicable, and second, whether that limitations period is tolled. *Whitson v. Baker*, 755 F.2d 1406. 1409 (11th Cir. 1985). Selection of a limitations period for §1983 actions changed several times [between 1985 and 1989]. Alabama law, however, provides that the applicable limitations period is the one in effect when the claim is filed, not when the cause of action arose. *Tyson v. Johns Manville Sales Corp.*, 399 So.2d 263, 269-70 (Ala.1981). It is undisputed that § 1983 claims were subject to a two year limitations period at that time. *See Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483-84 (11th Cir. 1989) (*Jones II*).

*Dukes v. Smitherman*, 32 F.3d at 537.

At the time Lingo filed the instant complaint, the applicable statute of limitations for actions brought under 42 U.S.C. § 1983 was two years. *Owens v. Okure*, 488 U.S. 235, 249-250 (1989)(the proper statute of limitations for § 1983 actions is the forum state's general or residual statute of limitations for personal injury actions); *see also Lufkin v. McCallum*, 956 F.2d 1104, 1105 (11th Cir. 1992). In Alabama, the general statute of limitations for personal injury actions is two years. *Ala. Code* § 6-2-38(l). The arrest and confiscation of property about which Lingo complains occurred on May 7, 2003. Under the facts of this case, the tolling provision of *Ala. Code* § 6-2-8(a) is unavailing. Consequently, the applicable statute of limitations expired on these claims in May of 2005, prior to the filing of the instant complaint.

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section

3

1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous. *See Franklin* [*v. State of Oregon*], 563 F.Supp. [1310] at 1330, 1332." *Id*. at n.2.

In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). 'We must take advantage of every tool in our judicial workshop.' *Spears* [*v. McCotter*], 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Lingo has no legal basis on which to proceed on his claims relative to actions taken against him in May of 2003

as this civil action, with respect to such claims, was brought more than two years after the violations about which the plaintiff complains accrued.  As previously determined, the statutory tolling provision is unavailable.  In light of the foregoing, the court concludes that Lingo's challenges to his arrest, confiscation of his vehicle and failure to transport him to a judge in May of 2003 are barred by the applicable statute of limitations and these claims are therefore subject to dismissal as frivolous in accordance with the directives of 28 U.S.C. § 1915(e)(2)(B)(i).  *See Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636 (11th Cir. 1990); *see also Neitzke v. Williams*, 490 U.S. 319 (1989).[3]

### C.  Malicious Claims

With respect to those claims related to Luker's participation in the April 14, 2003 search of Lingo's property and vehicle, the instant complaint asserts identical claims against this defendant as an earlier complaint filed with this court.  *Lingo v. Luker*, Case No. 1:04-CV-1188-WKW.  Malicious suits are abusive of the judicial process and are not permissible under 28 U.S.C. § 1915(e)(2)(B)(i).  A federal court may therefore dismiss a prisoner's *in forma pauperis* complaint as malicious where earlier and later complaints are substantially identical.  *See Cato v. United* States, 70 F.3d 1103, 1105 n. 2 (9th Cir. 1985) (duplicative complaint subject to dismissal under section 1915 as malicious); *Bailey v. Johnson*, 846 F.2d 1019 (5th Cir. 1988) (an *in forma pauperis* complaint repeating the same factual allegations

---

[3] 3. Although *Neitzke* interpreted 28 U.S.C. § 1915(d), the predecessor to § 1915(e)(2), the analysis contained therein remains applicable to the directives of the present statute.

5

asserted in an earlier action is due to be summarily dismissed under 28 U.S.C. § 1915).

The claims presented in this case against Luker arising from the April 14, 2003 search are indistinguishable from those presented in *Lingo v. Luker*, Case No. 1:04-CV-1188-WHA, which is presently pending before the court. In light of the foregoing, it is clear that the complaint with respect to the illegal search claims against this defendant is malicious and summary dismissal of such claims is therefore appropriate under 28 U.S.C. § 1915(e)(2)(B)(i).

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case be dismissed with prejudice prior to service of process in accordance with the provisions of 28 U.S.C. § 1915(e)(2)(B)(i).

It is further

ORDERED that **on or before June 5, 2006,** the parties may file objections to this Recommendation. Any objections filed must clearly identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the

District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 24th day of May, 2006.

       /s/Charles S. Coody
CHARLES S. COODY
CHIEF UNITED STATES MAGISTRATE JUDGE